# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
_____
                                )
UNITED STATES OF AMERICA,       )
                                )
                                )
          v.                    )      CRIMINAL ACTION
                                )      NO. 04-10083-NG
EDWIN RODRIGUEZ, ET AL,         )
          Defendants,           )
_____ )
```

## ORDER
### April 14, 2004

**SWARTWOOD, M.J.**


### I.  Nature of the Proceeding

The Defendant, Edwin Rodriguez, has filed a Motion For Reconsideration Of Bail (Docket No. 22).

### II.  Background

On February 23, 2004, a Criminal Complaint was filed, charging Edwin Rodriguez, a/k/a "King Cholo" ("Mr. Rodriguez") and his brother, with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846 and possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1).

At Mr. Rodriguez's initial appearance on February 26, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention

hearing in accordance with 18 U.S.C. §§3142(f)(1)(C)(Defendants are charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Control Substances Act") (21 U.S.C. § 801 *et seq.*)), (f)(1)(D)(Mr. Rodriguez is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed), (f)(2)(A)(risk of flight) and (f)(2)(B)(obstruction of justice).

At Mr. Rodriguez's initial appearance on February 26, 2004, counsel for the Government informed the Court that the maximum penalty that could be imposed for the offense charged against Mr. Rodriguez in that Complaint was forty years with a minimum/mandatory sentence of five years.

On March 25, 2004, an Indictment was returned charging Mr. Rodriguez and his brother in Count One, with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846 and in Count Two, possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1) and aiding and abetting, in violation of 18 U.S.C. §2.

On April 13, 2004, Mr. Rodriguez and his brother were arraigned and at the arraignment, counsel for the Government informed the Court that the maximum penalty which both Defendants

face for the offenses charged in this Indictment were forty years
with a minimum/mandatory sentence of five years.

Following arraignment, Mr. Rodriguez's counsel filed the
within motion for reconsideration of bail based on his belief that
the Order of Detention was based, in part, on a minimum/mandatory
sentence of ten years and not five years as represented by counsel
for the Government for the offense charged in this Indictment.

### III.  Discussion

I have reviewed my notes of February 26, 2004, and note that
the maximum penalty for the offense charged against Mr. Rodriguez
in the Criminal Complaint was forty years with a minimum/mandatory
sentence of five years.  Therefore, Mr. Rodriguez's counsel is
incorrect as to the maximum sentence that I considered in my Order
detaining Mr. Rodriguez.  In fact, the only reference in my
Detention Order to a maximum sentence is a recitation of the fact
that "Mr. Rodriguez is charged with a drug offense for which a
maximum term of imprisonment of ten years or more as prescribed in
the Controlled Substances Act." Memorandum and Order, dated March
11, 2004, p.12 (Docket No. 17).  Therefore, the basis for detaining
Mr. Rodriguez was not based on an incorrect minimum/mandatory
penalty.

IV.   <u>Conclusion</u>

Edwin Rodriguez's Motion For Consideration Of Bail (Docket No. 22) is <u>denied</u>.


<u>/s/Charles B. Swartwood, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE