UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 04-10083-NG |
| | ) |
| EDWIN RODRIGUEZ | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR STRIKE SURPLUSAGE**

The government opposes the defendant's motion to dismiss or strike surplusage in this case.  The government acknowledges this Court's recent decision in United States v. Mueffleman, 327 F.Supp.2d 79 (D. Mass. 2004), holding that the federal sentencing guidelines are unconstitutional in their entirety under Blakely v. Washington, 124 S. Ct. 2531 (2004) and non-severable.  For the record, the government submits that Mueffleman was wrongly decided.  The government continues to believe that Blakely does not apply to the guidelines and that the guidelines will be unaffected by any contrary determination in cases in which enhancements are alleged in the indictment and proven to a jury beyond a reasonable doubt.[1]

Blakely, like its predecessors Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002),

_____

[1] Mueffleman was comprehensively briefed and argued by the government.  The government incorporates by reference herein the arguments asserted by the government in Mueffleman and simply summarizes some of those arguments herein.

announced a rule barring a judge (absent the defendant's consent) from finding facts that raise a sentence above the otherwise-applicable statutory maximum sentence.  The federal sentencing guidelines do not create statutory maximums. Rather, they are the product of the United States Sentencing Commission (the "Commission"), a body in the judicial branch which does not perform legislative functions.  <u>See</u> <u>Mistretta v. United States</u>, 488 U.S. 361, 391-396 (1989).  The Commission performs function that have historically been carried out by sentencing judges -- defining the aggravating and mitigating facts that should be taken into account in setting a sentence within the statutory range.  <u>Id.</u>  Thus, the federal sentencing guidelines are not equivalent to graduated statutory offenses with different "degrees" of seriousness.

In a series of cases, the United States Supreme Court has consistently recognized the distinction between facts that increase a defendant's offense level under the federal sentencing guidelines and facts that increase a statutory maximum, and it has consistently sustained the power of district court judges to find facts that raise a guideline sentence.  <u>See, e.g.</u>, <u>Apprendi</u>, 530 U.S. at 481 (explaining that it was not "impermissible for judges to exercise discretion - taking into consideration various factors

2

relating both to offense and offender - in imposing a judgment within the range prescribed by statute," since, as the Court has "often noted," judges "have long exercised discretion of this nature in imposing sentence within statutory limits in the individual case") (citing <u>Williams v. New York</u>, 337 U.S. 241, 246-247 (1949); <u>Ring</u>, 536 U.S. at 602-609 (holding Arizona death-penalty statute unconstitutional under <u>Apprendi</u> because it permitted the trial court rather than the jury to make the finding that increased the statutory maximum sentence from life imprisonment to death and noting that "Arizona's enumerated aggravating factors," like the "hate crime" enhancement in <u>Apprendi</u>, "operate as 'the functional equivalent of an element of a greater offense'").

Blakely simply applied the rule of <u>Apprendi</u>:  that a fact must be submitted to the jury if it increases the penalty beyond the "statutory maximum." <u>Blakely</u>, 124 S. Ct. at 2536 (quoting <u>Apprendi</u>, 530 U.S. at 490).  Just as a finding of biased purpose in <u>Apprendi</u> had the effect of "turn[ing] a second-degree offense into a first-degree offense," <u>Apprendi</u>, 530 U.S. at 494, and just as the offense of first-degree murder in <u>Ring</u> "is properly understood to be a lesser included offense of 'first-degree murder plus aggravating circumstance(s),'" <u>Sattazahn v. Pennsylvania</u>, 537 U.S. 101,

3

112 (2003) (opinion of Scalia, J.), <u>Blakely</u> effectively treated the Washington legislature as "having established three degrees of [the] kidnapping" offense of which the defendant was convicted, with "the distinction between [the highest and the intermediate] * * * degree [being] deliberate cruelty." <u>United States v. Booker</u>, 375 F.3d 508, 518 (7th Cir.2004) (Easterbrook, J., dissenting).[2]

There is of course language in <u>Blakely</u> that could be read to suggest a broader rule. See <u>Blakely</u>, 124 S. Ct. at 2537 ("the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts [beyond the jury's verdict], but the maximum he may impose without any additional findings"). It is this language that has largely been viewed by lower courts as signaling the death knell for the federal sentencing guidelines. <u>See, e.g.</u>, <u>Booker</u>, 375 F.3d 508. But the <u>Blakely</u> Court explicitly stated that it was "apply[ing] the rule" of <u>Apprendi</u>, 124 S. Ct. at 2536, and that rule governs facts that increase the penalty "beyond the prescribed statutory maximum." <u>Ibid.</u> <u>Blakely</u> (like <u>Apprendi</u>) involved a fact that increased what the Court itself

---

[2] <u>See also</u> <u>United States v. Homsey</u>, 03-10290-MLW, <u>United States v. Walters</u>, 03-10308-MLW, <u>United States v. 10375</u>, 03-10375-MLW (holding the guidelines constitutional).

accurately described as a "statutory maximum," id. at 2537, i.e., a maximum set by statute. Because Blakely, like Apprendi, involved multiple statutory maximum sentences and so necessarily required a search for "the relevant 'statutory maximum,'" ibid., any language in Blakely that suggests a broader rule was not necessary to the outcome.

For the foregoing reasons, Blakely does not apply to the guidelines and the guidelines will be unaffected by any contrary determination in cases in which enhancements are alleged in the indictment and proven to a jury beyond a reasonable doubt. The defendant's motion should therefore be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/ PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, MA 02210
                              (617)748-3355

Date: October 7, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served on counsel for Edwin Rodriguez by facsimile on October 7, 2004.

/s/ PETER K. LEVITT
Peter K. Levitt

_____